UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MARIA G. CAMPILLO,

                    Plaintiff,

    -v-

ASHLAND MAINTENANCE
ORGANIZATION,

                    Defendant.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12 CV 4721 (CBA)

AMON, Chief Judge.

       On September 17, 2012, *pro se* plaintiff, Maria G. Campillo, filed the instant complaint alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, plaintiff is directed to file an amended complaint, within thirty (30) days of the date of this order.

## BACKGROUND

       Campillo alleges that she worked as an employee of defendant Ashland Maintenance Organization, Inc. from 2007 until her termination on March 23, 2012. She claims that on the date of her termination, the elevator at her place of employment was damaged, requiring her to walk from the first to the tenth floor "many times." She claims that she "couldn't handle the pain in [her] legs by the evening time and was fired." (Compl. at 4, ¶ 8.). Campillo also alleges that on numerous occasions, she was paid with "checks that had insufficient funds" and that defendant repeatedly required her to perform tasks that, she claims, could not be completed by one person alone. (Id.) Finally, Campillo claims that after her "accident of March 23rd," defendant visited her at her home, requested that she not file a lawsuit, and promised to pay her

doctor's bills and one week of salary. (Id.) Campillo claims that defendants honored these promises, but that they "never paid all the extra work [that she] submitted numerous times." (Id.) She claims that her employment was wrongfully terminated and that defendant failed to accommodate her disability. (Id. at 3, ¶ 7).

## DISCUSSION

I. **Standard of Review**

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Moreover, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus. 551 U.S. 89, 94 (2007); DiPetto v. U.S. Postal Serv., 383 F. App'x 102, 103 (2d Cir. 2010). The court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court should grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

II. **ADA Claims**