FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 6 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARIA G. CAMPILLO,

                Plaintiff,

   -v-

ASHLAND MAINTENANCE
ORGANIZATION,

                Defendant.
-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12 CV 4721 (CBA)

AMON, Chief Judge.

On September 17, 2012, *pro se* plaintiff, Maria G. Campillo, filed the instant complaint alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, plaintiff is directed to file an amended complaint, within thirty (30) days of the date of this order.

## BACKGROUND

Campillo alleges that she worked as an employee of defendant Ashland Maintenance Organization, Inc. from 2007 until her termination on March 23, 2012. She claims that on the date of her termination, the elevator at her place of employment was damaged, requiring her to walk from the first to the tenth floor "many times." She claims that she "couldn't handle the pain in [her] legs by the evening time and was fired." (Compl. at 4, ¶ 8.). Campillo also alleges that on numerous occasions, she was paid with "checks that had insufficient funds" and that defendant repeatedly required her to perform tasks that, she claims, could not be completed by one person alone. (Id.) Finally, Campillo claims that after her "accident of March 23rd,"

defendant visited her at her home, requested that she not file a lawsuit, and promised to pay her doctor's bills and one week of salary. (Id.) Campillo claims that defendants honored these promises, but that they "never paid all the extra work [that she] submitted numerous times." (Id.) She claims that her employment was wrongfully terminated and that defendant failed to accommodate her disability. (Id. at 3, ¶ 7).

## DISCUSSION

I. **Standard of Review**

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Moreover, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus. 551 U.S. 89, 94 (2007); DiPetto v. U.S. Postal Serv., 383 F. App'x 102, 103 (2d Cir. 2010). The court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court should grant leave to amend. See

Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

II. **ADA Claims**

Campillo's instant action alleges that defendant violated her rights under the ADA by wrongfully terminating her employment and failing to accommodate her disability. Campillo also appears to allege that she was not compensated for work performed and received unfavorable work assignments. The ADA provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, employee compensation . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In order to establish a prima facie case of discrimination under the ADA, Campillo must establish that: (1) the defendant is subject to the ADA; (2) she suffers from a disability within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her position, with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability. See Cameron v. Cmty Aid For Retarded Children, Inc., 335 F.3d 60, 63 (2d Cir. 2003); Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003). Under the ADA, "'disability' is defined to include 'a physical or mental impairment that substantially limits one or more of the major life activities' of an individual." Bartlett v. New York State Bd. of Law Examiners, 226 F.3d 69, 74 (2d Cir. 2000); 42 U.S.C. § 12102(1)(A)).

Here, the nature of Campillo's ADA claim is unclear. Other than a conclusory allegation that she has a disability and suffered pain in her legs, the nature and extent of her disability is unknown. Campillo does not allege facts indicating that she was otherwise qualified to perform her position, nor does she provide facts suggesting that she was terminated or otherwise

subjected to adverse employment actions because of a disability. Accordingly, plaintiff's complaint fails to allege any specific facts from which the Court could determine whether the ADA is applicable as a cause of action.

## CONCLUSION

Plaintiff is directed to file an amended complaint, within 30 days of the date of this order, in support of her ADA claim, or the complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised that any amended complaint she files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
November __, 2012

4